UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WISCONSIN

TIMOTHY N. MILTON,

    Petitioner,

v.                                         Case No. 09-C-0959

UNITED STATES OF AMERICA,

    Respondent.

ORDER DISMISSING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255

On September 30, 2009,[1] Timothy N. Milton filed a motion pursuant to 28 U.S.C. § 2255, asserting that his conviction and sentence in this court were imposed in violation of the Constitution. Milton was convicted of conspiracy to possess with intent to distribute one kilogram or more of heroin and fifty grams of cocaine base resulting in death or bodily injury, 21 U.S.C. §§ 841(b)(1)(A), 846. He was sentenced to 216 months imprisonment.

Initially, the court must examine the motion under Rule 4 of the Rules Governing § 2255 Proceedings, which reads:

> If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Rule 4(b), Rules Governing § 2255 Proceedings.

---

[1] Milton declares that he placed his § 2255 motion in the prison mailing system on September 30, 2009. *See* Rule 3 of the Rules Governing § 2255 Cases; 28 U.S.C. § 1746. The documents were received by this court on October 5, 2009.

Section 2255 motions require an assertion that the sentence violated the Constitution or laws of the United States, that the court was without jurisdiction, that the sentence exceeded the maximum authorized by law, or that the sentence is otherwise subject to collateral attack.  28 U.S.C. § 2255.

In his motion, Milton lists two interrelated grounds for relief.  His first is a request for an extension of time to file the instant motion.  Milton notes that judgment was entered in his case on September 17, 2008, and that under 18 U.S.C. § 2255(f), a motion to vacate, set aside, or correct a sentence must be brought within one year.  Milton did not sign and mail his motion until September 30, 2009, and he appears to recognize that his motion may be untimely.  He asserts that he is entitled to equitable tolling because he believed his counsel would either appeal his sentence or file a motion for post-conviction relief before the one-year deadline.  He repeats his request for an extension of time in a portion of his Motion titled "Timeliness of Motion."

Next, Milton asserts that his counsel was ineffective for "failing to challenge the enhancements used to increase petitioner's sentence."  (Mot. 6.)  In his supporting brief, Milton contends that his sentence was "increased a total of six levels under enhancements which were never brought forth through Indictment or admitted by petitioner."  (Br. in Supp. 1.)  Specifically, Milton challenges adjustments to the base offense level calculated in the presentence investigation report (PSR) for being a leader or organizer, U.S.S.G. §3B1.1(a), and for possession of a firearm, U.S.S.G. §2D1.1(b)(a).  According to Milton, these enhancements were unconstitutional because they "were never presented through an indictment nor did petitioner ever admit guilt to these two enhancements."  He goes on to state that "counsel's ineffective assistance allowed

2

petitioner's sentence to be unconstitutionally enhanced" in violation *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000), and *United States v. Booker,* 543 U.S. 220 (2005).

Ineffective assistance of counsel may provide grounds for relief under 28 U.S.C. § 2255. *See Massaro v. United States*, 538 U.S. 500, 504 (2003). "To succeed on a claim of ineffective assistance, a prisoner must prove (1) his attorney's performance fell below an objective standard of reasonableness, and (2) he suffered prejudice as a result." *Wyatt v. United States*, 574 F.3d 455, 457-58 (7th Cir. 2009) (citing *Strickland v. Washington*, 466 U.S. 668, 687-88, 693 (1984).

Here, even assuming Milton's motion is timely,[2] it must be denied for multiple reasons. Most importantly, his sentence was not unconstitutionally enhanced. In *Apprendi v. New Jersey,* 530 U.S. 466, 490 (2000), the Supreme Court concluded that any fact that increases the *statutory maximum sentence* must be proven to a jury beyond a reasonable doubt or admitted by the defendant. "But when a judge imposes a sentence below the statutory maximum, he may do so based on facts found by a preponderance of the evidence." *See United States v. Abdulahi*, 523 F.3d 757 (7th Cir. 2008) (citing *United States v. Brough*, 243 F.3d 1078, 1079-80 (7th Cir. 2001)). The Supreme Court's decision in *Booker* reaffirmed *Apprendi* on this point. *See Booker*, 543 U.S. at 244 ("Accordingly, we reaffirm our holding in *Apprendi*: Any fact (other than a prior conviction) which is necessary to support a sentence *exceeding the maximum* authorized by the facts

---

[2] Pursuant to 28 U.S.C. § 2255(f)(1), a one-year limitations period applies from the date on which the judgment of conviction becomes final. Here, judgment was entered in Milton's criminal case on September 17, 2008. Because Milton did not file a notice of appeal, his conviction became final 10 days after the entry of judgment, excluding holidays, weekends, and the date triggering the event. *See* Fed. R. App. P. 4(b), 26 (since amended, Dec. 1, 2009). Milton declares that he placed his § 2255 motion in the prison mailing system on September 30, 2009. *See* Rule 3 of the Rules Governing § 2255 Cases; 28 U.S.C. § 1746. Thus, it appears Milton's motion may be timely.

3

established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." (emphasis added)).

In contrast, the maximum sentence permitted for a conviction under 18 U.S.C. § 841(b)(1)(A), to which Milton entered a plea of guilty, is life imprisonment. In fact, as is relevant to Milton's case, the mandatory sentence for violation of § 841(b)(1)(A) where death or serious bodily injury results is 20 years to life imprisonment.[3]

Moreover, at the sentencing hearing, this court calculated the applicable guidelines range and discussed the sentencing factors set forth in 18 U.S.C. § 3553.[4] It considered proposed corrections and objections to the PSR submitted by Milton. The court engaged the parties in a lengthy discussion about upward adjustments to the base offense level for being a leader or organizer of the conspiracy, §3B1.1(a), and possession of a firearm in connection with a drug offense, §2D1.1(b)(1)—the exact issues that Milton now contends his counsel failed to raise. After hearing from the parties and reviewing the record in the case, the court informed Milton that it "is satisfied that your leadership role has been assessed accurately and you should get points for that." (Tr. 12-13.) The court also informed Milton that it was satisfied that the record supported the conclusion that a firearm was obtained and used in connection with drug activities. (Tr. 13.)

---

[3] Milton was relieved of the 20-year mandatory minimum sentence for the reasons stated at the sentencing hearing. Further, for the reasons stated on the record, the court imposed a sentence below the advisory guidelines, which provided for 360 months to life imprisonment.

[4] Pursuant to U.S.S.G. §2D1.1(a)(2), the Base Offense Level was 38. Milton then received upward adjustments for possession of a firearm, §2D1.1(b)(1), and role in the offense, §3B1.1. The court also awarded Milton a downward adjustment for acceptance of responsibility, §3E1.1. The resulting Total Offense Level was 41. Combined with a Criminal History Category of IV, the applicable guidelines range was 360 months to life imprisonment.

4

Because the statutory maximum sentence in Milton's case was life imprisonment, any objection raised by Milton or his counsel at sentencing that the upward adjustments to the base offense level must be found by a jury or admitted by the defendant would have been improper. Indeed, a review of the sentencing transcript shows that Milton's counsel raised objections to the guidelines range as calculated in the PSR, and this court considered and overruled those objections. Therefore, Milton is unable to establish that his counsel's performance was deficient and that he suffered prejudice as a result. *See Strickland,* 466 U.S. at 688 (holding that in order to demonstrate ineffective assistance the defendant must show that counsel's performance fell below an objective standard of reasonableness, and that counsel's errors prejudiced the defense).

Pursuant to Rule 11 of the Rules Governing § 2255 Cases, the court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). An applicant makes a "'substantial showing where reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.'" *Sandoval v. United States*, 574 F.3d 847, 852 (7th Cir. 2009) (quoting *Arredondo v. Huibregtse*, 542 F.3d 1155, 1165 (7th Cir. 2008)). As discussed, because Milton faced life imprisonment under 18 U.S.C. §§ 841(b)(1)(A), 846, he cannot establish that upward adjustments to the base offense level used to calculate the applicable sentencing guidelines must have been found by a jury or admitted to by the defendant. Further, the record in this case negates any argument that counsel failed to object to the calculation of

5

the applicable sentencing guidelines. The court cannot conclude that reasonable jurists would reach a different result under the circumstances. Therefore,

IT IS ORDERED that Milton's motion to set aside, vacate, or correct sentence (Doc. # 1) is dismissed pursuant to Rule 4 of the Rules Governing § 2255 Cases.

IT IS FURTHER ORDERED that a certificate of appealability is denied pursuant to Rule 11 of the Rules Governing § 2255 Cases.

Dated at Milwaukee, Wisconsin, this 13th day of May, 2010.

BY THE COURT

/s/ C. N. Clevert, Jr.
C. N. CLEVERT, JR.
CHIEF U. S. DISTRICT JUDGE